BROWN, Chief Judge.
 

 1 lAnnie W. White filed a Rule for Contempt of Court, Attorney Fees and Costs against her former husband, Larry B. White. The rule was filed to enforce a judgment partitioning the community property. The trial court denied the motion and Mrs. White appealed. Larry White also appealed. In brief, Larry White’s attorney, Tonya Courson, objected “individually” to the trial court’s judgment holding her personally responsible for court costs including the cost of a private process server. We affirm.
 

 Facts
 

 In a judgment on June 17, 2005, all community property issues between the parties were resolved. The judgment specifically stated that Larry White owed Annie White $6,752.16 as an equalizing payment but allowed Mr. White to liquidate this debt by making a $3,000 payment within 30 days, or monthly installment payments of $50 for 60 months. He chose to make the monthly installments. The judgment also contained a provision that would make the entire $6,752.16 due and payable if any of the installments were not timely paid.
 

 On November 16, 2007, Annie White filed a Rule for Contempt of Court, Attorney Fees and Costs of Court. The rule called for the enforcement of the acceleration provision. Specifically the motion states:
 

 That (Larry White) sent a check in the amount of $1,900.00, on March 6, 2007, with intent as his final payment of $3,000.00, which was return (sic) to him. Since (Mr. White) was late in the
 
 *887
 
 months of June, October, and December of 2006, with his $50.00 payments, at that point the Judgment revert (sic) back to the entire amount with (sic) is $6,752.16 less the $1,100.00 already paid bringing his balance due to $5,652.16.
 

 |2A contradictory hearing was not held until August 28, 2008. Mrs. White testified that although installments of $50 were made, Mr. White’s payments were late for the months of June, October, and December of 2006. We note that no explanation was given as to why she waited until November 2007 to file her rule; however, on cross-examination, it was disclosed that Mr. White’s checks were sent to Mrs. White’s attorney, who would then forward them to her. Mrs. White further testified that she did not know when the checks were received by her attorney. She confirmed that Mr. White attempted to make a lump sum final payment of $1,900 in March of 2007. This payment represented the remainder of the $3,000 owed to Mrs. White. Because Mrs. White already considered that Mr. White had been late in previous payments, she refused this payment and requested that her attorney return the check. At this time, Tonya Cour-son had written to Mrs. White’s attorney stating that she had been retained as Mr. White’s attorney. The $1,900 check was then returned to Attorney Courson who did not notify Mr. White. It was Mr. White’s testimony that he had no knowledge that the check was returned (although he was aware that it did not clear his bank account) and believed that his obligation was extinguished.
 

 The trial court denied the motion for contempt but ordered Mr. White to again send the $1,900 to Mrs. White and assessed court costs to Mr. White’s attorney, Tonya Courson. Mrs. White instituted this appeal, and Attorney Courson filed an appeal for Mr. White apparently concerning the assessment of court costs personally against her.
 

 |
 
 ^Discussion
 

 The standard of review to be applied to factual findings in a civil matter is the manifest error standard.
 
 Arceneaux v. Domingue,
 
 365 So.2d 1330 (La.1978). Under this standard, the reviewing court does not substitute its own judgment for that of the factfinder, but determines whether its findings were reasonable.
 
 Hubbard v. Allied Building Stores, Inc.,
 
 41,534 (La.App.2d Cir.11/01/06), 942 So.2d 639. Thus, where there are two permissible outcomes, neither choice can ever be manifestly erroneous.
 
 Id.
 
 Therefore, the court of appeal may not reverse the decision if the factfinder’s conclusions are reasonable in light of the record, even if the appellate court would have reached the opposite conclusion as factfinder.
 
 Id.
 

 In the matter
 
 sub judice,
 
 a partition judgment was rendered on June 17, 2005. This judgment set forth the payment options for Mr. White. There was also an acceleration clause. It is uncontested that defendant made regular monthly payments of $50 totaling $1,100, and then attempted to make a final payment of $1,900. It is also uncontested that this final payment would have extinguished defendant’s obligation to his ex-wife. The critical issue is whether defendant was late in making three payments in 2006 so that the acceleration clause of the judgment would be applicable.
 

 Mrs. White testified that defendant sent payments to her attorney, who would then forward those payments to her. On cross-examination, Mrs. White was presented with copies of the cancelled checks. She acknowledged that there was a lag time between the date the checks were |4issued and the date they were processed at her bank. She also admitted that she rejected
 
 *888
 
 the $1,900 check because she wanted the full $6,752.
 

 Mrs. White’s evidence was insufficient to show that defendant was late in making his payments. We cannot therefore conclude that the trial court’s ruling on this issue was manifestly erroneous, and we affirm the trial court’s ruling in this respect.
 

 As to the imposition of costs against attorney Tonya Courson, we note that La. C.C.P. art. 863 states, in pertinent part:
 

 ... the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
 

 In
 
 Parker v. Progressive Ins. Co.,
 
 31,147 (La.App.2d Cir.10/28/98), 720 So.2d 408, this court stated:
 

 We conclude that the sanction in the present case is not demeaning and pointless for an attorney who is an officer of the court. White has a duty before filing suit to conduct a reasonable inquiry into the allegations made by his client and, in the present case, he failed to fulfill his duty. Monetary sanctions were proper in this case.
 

 In a letter dated March 6, 2007, Larry White sent a $1,900 check to Richard Fe-well, who was Mrs. White’s attorney. Written on the check were the words, “final payment.” In response, on March 13, 2007, Mr. Fewell wrote to Larry White that the balance owed was $5,702.16 plus court costs.
 

 On March 28, 2007, Tonya Courson wrote to Mr. Fewell that she had been retained by Larry White and stated that “should Mrs. White not wish for the $1,900 to be a final payment please return the check to my mailing address and Mr. White will resume the $50 payment each month until thej^full $3,000 is satisfied.” On May 8, 2007, the check was returned to Attorney Courson by Mr. Fewell. Attorney Courson did not notify Mr. White.
 

 On November 20, 2007, the present rule was filed and a hearing date of January 14, 2008, was set. Service was made on Tonya Courson as the attorney of record for Larry White. Attorney Courson filed a pleading requesting a continuance of the hearing set for January 14, 2008, because she was not enrolled as counsel of record and service on her was ineffective. The matter was reset for June 2, 2008. Because previous attempts to serve Mr. White had been unsuccessful, Mrs. White’s attorney filed a motion to appoint a process server. The motion was granted, and Mr. White was served on May 29, 2008.
 

 On June 2, Attorney Courson appeared and again moved for a continuance, claiming that her client was served three days earlier and that she was not adequately prepared. The court set a new hearing date of August 26, 2008. On August 26, neither Mr. White nor Attorney Courson appeared. The court then found Mr. White in contempt, assigned costs and attorney’s fees and issued warrants for the appearance of both Mr. White and Attorney Courson in court on August 28, 2008, to explain their absence.
 

 At this hearing on August 28, it was determined that Mr. White was not aware that his payment of $1,900 in March 2007 had been refused. Attorney Courson had neither forwarded the returned $1,900 check nor contacted him. Mr. White testified that although he had sent the $1,900 check in March 2007, he did not know until May 2008, a full year later, that |fithis check had been returned to his attorney.
 
 *889
 
 Attorney Courson elicited self-serving testimony from Mr. White that he had only hired her to write a letter and not to represent him in this matter. This contradicts not only her correspondence with opposing counsel, but also her appearances and filings in court. Thus, we cannot find the trial court’s assessment of sanctions to attorney Tonya Courson pursuant to La. C.C.P. art. 863 to be an abuse of his discretion.
 

 Conclusion
 

 For the foregoing reasons, we hereby AFFIRM in all respects the trial court’s judgment.